## Ex parte GOLDSTEIN.

(District Court, D. Massachusetts. November 19, 1920.)

No. 1876.

1. Army and navy ⬤═20—Notice mailed by Adjutant General under Selective Service Act to wrong address insufficient to bring man into military service.

Under Selective Service Regulations, § 133, requiring the Adjutant General to notify delinquents by mail, etc., to report for instructions, a notice mailed to the wrong address, and never received by the delinquent, is insufficient to bring him into military service.

2. Judgment ⬤═17(1)—Actual or constructive notice necessary for judgment in personam.

A judgment in personam cannot be rendered against one who has not received actual or constructive notice.

3. Army and navy ⬤═44(2)—Civil law governs until inducted into military service.

Until inducted into the military service, the rights of a party are determined by the civil law, instead of the military or courts-martial law.

Habeas Corpus. Petition by Louis Goldstein. Writ to issue.

Bernard E. Carbin and Atteridge & Carbin, all of Boston, for petitioner.

MORTON, District Judge. The decisive question is whether the petitioner is subject to military jurisdiction as a member of the United States Army. He was within the draft ages, and he duly registered and filed his questionnaire. He was placed by the local board in class I b. Being dissatisfied with this classification, he went to the local board about it, but the classification was not changed. He was duly notified by the local board to appear for physical examination and failed to do so.

Upon this default his name was sent by the local board to the Adjutant General of the state as a delinquent, with the comment that he was a "real slacker"; but his address was by mistake omitted. This was the last action that the local board took with reference to him; it never called him for service. The Adjutant General's office mailed to him a peremptory notice to report for instructions on or before a specified time; but the notice did not bear any street or house number, and was addressed to "Norwood," while the petitioner was a resident of Dedham, a different town, and worked in Boston, and had given both addresses correctly in his registration and questionnaire.

This notice never reached Goldstein; it was returned to the Adjutant General by the post office. The petitioner did not respond to it, and never presented himself for service. He has been arrested by the army authorities as a deserter, and is on trial by court-martial for desertion.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The Selective Service Regulations (section 133) provide that the Adjutant General, upon receiving notice from a local board that a registrant is a delinquent, shall forthwith notify the delinquent, by mail, telegraph, or in person, to report to him (the Adjutant General) for instructions not later than a specified day and hour, which shall not be less than ten days from the date of the notice. The regulations further provide that, unless the notice be modified:

"From and after the day and hour so specified, such persons shall be in the military service of the United States."

[1] It is obvious, I think, that the notice given to Goldstein did not comply with the requirements of this section. No attempt was made to notify him in person or by telegraph. The only notice given was that by mail, which was sent to an altogether wrong address, and never in fact reached him. It was in legal effect no notice at all. It was insufficient under the regulations to bring him into the military service.

[2, 3] Moreover, it is a cardinal rule of law that a judgment in personam cannot be rendered against one who has not received actual or constructive notice. Harris v. Hardeman, 14 How. 334, 14 L. Ed. 444. Until inducted into military service, the rights of a party are to be determined, not according to military law or the law of courts-martial, but according to the standards of the civil law. The notice given was not a reasonable notice, upon which an induction upon default could properly be based.

Writ to issue.